## Seifert v. Seifert

*Arthur L. Zulick,* for plaintiff.
*M. Anne Dalton,* for defendant.

O'BRIEN, *J.,* February 11, 1991 — Plaintiff, Scott J. Seifert Sr., and LaVaughn C. Seifert were married on February 15, 1975 and divorced on November 9, 1978. The parties remarried on March 7, 1981 and separated on April 7, 1989. The parties have two children, Scott (born December 22, 1976) and Toby (born July 8, 1981) who reside with their mother. Plaintiff husband filed a complaint for divorce on June 28, 1989 and subsequently this court appointed Jeffrey J. Kash, Esq. as master to conduct evidentiary hearings and make a recommendation on the economic issues in dispute between the parties.* On December 6, 1990, the master filed his report making recommendations with respect to all economic issues. Plaintiff husband filed timely ex-

---

* Both parties have executed affidavits of consent in support of the entry of a divorce decree pursuant to 23 Pa.C.S. §201(c).

ceptions which, following the submission of briefs and argument before the court, are now before the court for disposition.

In his report, the master found that the marital property available for distribution had a value of $173,131.86 and, after considering the factors enumerated in 23 Pa.C.S. §401(d), he recommended a distribution of 60 percent to the wife and 40 percent to the husband. The practical effect of this recommended distribution would be to allow the wife to have the former marital residence in which she and the children reside free and clear of all liens and encumbrances and the husband would receive the other liquid assets of the marriage. The master also recommended that the wife be awarded attorneys' fees in the amount of $1,392 and alimony of $86 per week "until such time as her income reaches or exceeds 50 percent of husband's net yearly income." In his exceptions, plaintiff husband alleges that the master erred in his determination as to the amount of assets which were marital property subject to equitable distribution, and also erred in awarding alimony to defendant wife.

Husband's exceptions with respect to the composition of the marital estate available for distribution relate to the master's findings as to the source of funds in the construction of the marital residence and the distribution of funds received from the sale of other assets. Both parties presented testimony concerning the source and distribution of the funds in question. The master was required to evaluate the credibility of the respective parties' versions of these transactions in order to determine the estate available for equitable distribution. In making this determination, the starting point is the presumption set forth in 23 Pa.C.S. §401(f) that all property acquired by either party during the marriage is

presumed to be marital property regardless of whether title is held individually or in some other form. The master heard the testimony of all the witnesses and was able to personally evaluate their credibility. The master's conclusions with respect to the composition of the marital estate are supported by evidence in the record which he found credible. It is not the role of this court to substitute its opinion for that of the master with respect to issues of credibility. *Mintz v. Mintz,* 258 Pa. Super. 187, 392 A.2d 747 (1978). Therefore, we adopt the master's findings on credibility with respect to the determination of the marital assets available for distribution and conclude that husband's exceptions to these findings are without merit.

The primary thrust of the argument of counsel for both parties before the court pertains to the master's decision with respect to alimony. The Divorce Code contains the following pertinent provisions with respect to the subject of alimony:

"(a) Where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party, only if it finds that alimony is necessary.

"(b) In determining whether alimony is necessary, and in determining the nature, amount, duration, and manner of payment of alimony, the court shall consider all relevant factors including:

"(1) The relative earnings and earning capacities of the parties.

"(2) The ages, and the physical, mental and emotional conditions of the parties.

"(3) The sources of income of both parties including but not limited to medical, retirement, insurance or other benefits.

"(4) The expectancies and inheritances of the parties.

"(5) The duration of the marriage.

"(6) The contribution by one party to the education, training or increased earning power of the other party.

"(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

"(8) The standard of living of the parties established during the marriage.

"(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

"(10) The relative assets and liabilities of the parties.

"(11) The property brought to the marriage by either party.

"(12) The contribution of a spouse as homemaker.

"(13) The relative needs of the parties.

"(14) The marital misconduct of either of the parties during the marriage; however, the marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony.

"(15) The federal, state and local tax ramifications of the alimony award.

"(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 4, to provide for the party's reasonable needs.

"(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

"(c) The court in ordering alimony shall determine the duration of the order, which may be for a

definite or an indefinite period of time which is reasonable under the circumstances." 23 Pa.C.S. §501.

The master found that the husband has completed his high school education and earns approximately $35,000 per year. On the other hand, the wife has not completed her high school education and earns approximately $10,000 per year. After considering all of the factors enumerated in the statutory scheme set forth above, in particular the fact that the wife will be the custodian of the two children who are presently ages 15 and 9, the master concluded that the wife was entitled to alimony in the amount of $161 per week. However, since husband is presently paying $75 per week child support for the two children pursuant to an order of this court entered upon agreement of the parties, the alimony award was reduced to a net of $86 per week ($161 minus $75). The master also recommended that the alimony continue until such time as the wife's income reaches or exceeds 50 percent of husband's net yearly income. This mechanism for an award of alimony has been approved by our Superior Court in *Teribery v. Teribery,* 357 Pa. Super. 384, 516 A.2d 33 (1986). However, we agree with counsel for husband that the facts in the case at bar are clearly distinguishable from *Teribery, supra.* In *Teribery* the wife was 51 years old and suffered from a mental illness, and the parties had been married for 31 years during which the wife had been a full-time homemaker. In the case at bar, the parties are both in their early thirties, in good health, and within a few years one of the two children will have completed schooling and be available to assist with the finances of the household. Further the scheme suggested by the master does not give the wife any incentive to improve her economic condition by education or otherwise improving her employability.

Therefore, we conclude an award of alimony to the wife for an indefinite period of time is not appropriate in this case. However, we do find that the master's computation of the amount of alimony is fully supported by the evidentiary record and is fair to these parties. However, we feel the period of alimony should be limited to afford the wife a reasonable opportunity to conclude her education and enhance her position in the job market. Such a conclusion is consistent with the following rationale enunciated by our Superior Court in *Bickley v. Bickley,* 301 Pa. Super. 396, 447 A.2d 1025 (1982):

"We hold, therefore, that the provisions of section 501 are to be read in conjunction with each other and with the intent and purposes of the act as a whole, so that economic justice results, and harm to the spouses and children is mitigated."

## DECREE

And now, February 11, 1991, plaintiff's exceptions to the recommendations of the divorce master are sustained in part and dismissed in part and it is ordered as follows:

(1) Plaintiff, Scott J. Seifert Sr., and defendant, LaVaughn C. Seifert, are divorced from the bonds of matrimony.

(2) The recommendations of the master with respect to equitable distribution of marital property are approved and the parties are directed to carry out the terms thereof.

(3) Plaintiff husband shall pay alimony to defendant wife the amount of $86 per week for a period of three years from the date hereof.

(4) Plaintiff husband shall pay the costs of these proceedings and attorneys fees to defendant wife in the amount of $1,392.